IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DARRELL DEAN COLBY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:05-CV-0275 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO DISMISS PETITION
FOR A WRIT OF HABEAS CORPUS AS TIME BARRED**

Before this Court is a Petition for a Writ of Habeas Corpus by a Person in State Custody filed October 2, 2005[1] by petitioner DARRELL DEAN COLBY, a state prisoner who was confined in the Hughes Unit in Coryell County, Texas at the time of filing. Petitioner does not challenge his underlying conviction or sentence, but challenges the manner in which his sentence is being calculated, specifically, petitioner complains he has not received credit for 3,649 days of time served while on parole. The proper method for challenging the manner in which a sentence is being executed is by way of a petition for habeas corpus under 28 U.S.C. §2241. Since it is clear petitioner COLBY is not challenging his conviction, the undersigned construes this habeas application pursuant to 28 U.S.C. §2241. For the reasons hereinafter expressed, the United States Magistrate Judge is of the opinion petitioner's application under §2241 for federal habeas corpus relief should be DISMISSED as time barred.

---

[1]Petitioner's habeas application is deemed filed as of the date he placed his petition in the prison mail system. *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998).

I.
PROCEDURAL HISTORY

On October 19, 1987, petitioner was convicted, pursuant to a guilty plea, of the felony offense of burglary of a habitation out of the 84th Judicial District Court of Ochiltree County, Texas. The trial court assessed a sentence of sixteen (16) years confinement in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID). Petitioner states sometime in November of 1989, he was released to parole. Thereafter, in March of 2000, petitioner was arrested and convicted of a D.W.I. charge, and he served 100 days in county jail after which he was returned to the custody of TDCJ-CID for parole violations. In July of 2002, petitioner states he was again granted release to parole but was subsequently arrested on August 8, 2003 for another D.W.I. for which he served 90 days before being returned to TDCJ-CID where he remains incarcerated.

Petitioner avers that in July of 2002, when he was again granted release to parole, he was informed his new "longway discharge date for the conviction of the Burglary of a Habitation was now set at 2013." (Petitioner's Application at 8). On July 5, 2005, petitioner filed a petition for state habeas corpus relief which was denied without written order by the Texas Court of Criminal Appeals on September 21, 2005. On October 2, 2005, petitioner filed this application.

II.
AEDPA LIMITATIONS PERIOD

Federal habeas corpus petitions are subject to a one-year statute of limitations:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

    (A) the date on which the judgment became final by the conclusion of

> > direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1),(2).

It appears the majority of the 3,649 days for which petitioner seeks credit is for time spent on parole, also known as street time. As petitioner seeks credit for time spent while on parole, the statutory provision set forth in subsection (D) governs when the limitations period began to run, *viz.*, the date on which petitioner could have discovered, through the exercise of due diligence, the factual predicate of his claim. Petitioner has attested that he discovered and/or became aware that his sentence was not being credited with the 3,649 days herein at issue in "July of 2002" when he was paroled. Accordingly, the one-year statute of limitations began to run in July of 2002 thereby giving petitioner until July of 2003 absent any applicable tolling, to timely file his federal habeas application challenging the alleged failure to properly credit petitioner's sentence. Based on petitioner's representations in this case, he did not begin seeking credit for the time at issue until July 5, 2005, when he filed his state habeas petition. Petitioner has failed to set forth any valid

justification for any tolling of the limitations period. Consequently, petitioner's federal habeas petition is untimely under 28 U.S.C. § 2244(d)(1) and, thus, is time barred.

## III.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner DARRELL DEAN COLBY be DISMISSED as time barred.

## IV.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner and to counsel of record for respondent by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this <u>4th</u> day of November 2005.

*[signature]*
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), <u>and</u> the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).